# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AERIELLE TECHNOLOGIES, INC. and AERIELLE, INC. <br> *Plaintiffs,* <br><br> v. <br><br> PROCARE INTERNATIONAL CO**.** <br> *Defendant*. | § § § § § § § § § | CASE NO. 2:08-cv-284-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Aerielle Technologies, Inc.'s and Aerielle, Inc.'s (collectively "Aerielle") Amended Motion for Entry of Default (Dkt. No. 26). On August 24, 2009, at the request of counsel, the Court entered a default of Procare International, Inc. (Dkt. No. 16.) In the current motion, Aerielle ask the Court to "clarify that it is the properly named Procare International Co. that has defaulted," and not the misnamed "Procare International, Inc." The Court has carefully considered Aerielle's submission, the record, and the applicable law. For the following reasons, Aerielle's Amended Motion for Entry of Default is GRANTED.

In its July 22, 2008 complaint Aerielle identified Procare International, Inc. ("PROCARE"), a Taiwanese corporation with its principal place of business at 5F, 88 Jhou Zih St., Neihu District, Taipei, Taiwan, 114, as the sole defendant. (Dkt. No. 1.) The original complaint stated that PROCARE may be served with summons and a copy of this complaint by serving it by international registered mail, return receipt requested, at its principal place of business at 5F, 88 Jhou Zih St., Neihu District, Taipei, Taiwan, 114. A summons was issued on the same day matching the name and address listed in the original complaint.

1

On September 4, 2008, Aerielle filed an amended complaint identifying Procare International Co., a Taiwanese company with its principal place of business at 5F, 88 Jhou Zih St., Neihu District, Taipei, Taiwan, 114, as the defendant. (Dkt. No. 8.) The amended complaint stated that PROCARE may be served with summons and a copy of this complaint by serving its Chief Executive Officer/Legal Representative, Jean Lee, by international registered mail, return receipt requested, at its principal place of business at 5F, 88 Jhou Zih St., Neihu District, Taipei, Taiwan, 114. The address in the amended complaint is identical to the address in the original complaint. In the present motion, Aerielle contends that "Procare International Co." listed in the amended complaint is the proper name of the defendant.

On September 18, 2008, the Court granted Plaintiff's Motion to serve Defendant Procare International Co. alternatively under Rule 4(f)(3), through an international courier dispatched by the Clerk of the Court and with notification from said international courier to be directed to Plaintiffs' counsel, who would then file such delivery notification as "return of service" with the Clerk of the Court. (Dkt. No. 10.) A return of service was received on October 14, 2008, thereby setting November 3, 2008, as Defendant's deadline to answer the amended complaint. (Dkt. No. 26-2.) PROCARE did not answer the complaint and on November 13, 2008, Aerielle filed a Motion for Entry of Default asking the Clerk of Court to enter default against "Procare International, Inc." as authorized by Fed. R. Civ. P. 55. (Dkt. No. 12.) On August 24, 2009, the Court entered the default of Procare International, Inc. The issue before the Court is whether it is now proper to enter a default against "Procare International Co." when the summons listed the name "Procare International, Inc."

"To acquire jurisdiction over the person, a court must serve on the person a document, 'such as a summons, notice, writ, or order.'" *McGuire v. Sigma Coatings*, 48 F.3d 902, 907 (5th Cir. 1995) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649

(5th Cir. 1988) (per curiam)). A judgment rendered in the absence of personal jurisdiction is void and must be set aside. *Id.* The only potential issue in this case is whether the summons that identified Defendant as "Procare International, Inc.," and not "Procare International Co.," was more than a technical error thereby preventing the summons from being in substantial compliance with Fed. R. Civ. P. 4. *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987) (stating that without substantial compliance with Fed. R. Civ. P. 4, a defendant's actual notice of action does not provide court with personal jurisdiction). For the following reasons, the Court finds that the summons was in substantial compliance with Rule 4.

It is well established that "[t]he fact that the Defendant's name is in some minor respect inaccurate is not necessarily fatal to service. A mere mistake as to a party's name does not defeat the service." *In re Just For Feet, Inc.*, 299 B.R. 343, 350 (Bankr. D. Del. 2003) (defendant claimed that it would not accept service where it was sued as "Washington Inventory Service of Northern California," while its correct name was "Washington Inventory Service"); *see also United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons … or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled."); *Morrel v. Nationwide Mut. Fire Ins. Co.,* 188 F.3d 218, 224 (4th Cir. 1999) ("[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way."); *Kroetz v. Aft-Davidson Co.*, *v. Aft-Davidson Co.,* 102 F.R.D. 934, 937 (E.D.N.Y. 1984) ("Since the summons and complaint gave said defendant adequate notice that it was being sued, and since no prejudice resulted from the misnaming, we find that it would be inequitable to construe the Federal Rules of Civil Procedure as requiring dismissal of this action.") (internal citations omitted).

There does not appear to be any dispute that Procare International Co. received notice that it was being sued by Plaintiffs in this Court. (Dkt. No. 26-2 at 1). It was represented to the Court that Defendant was served with both the summons and the amended complaint by international registered mail, return receipt requested, at its principal place of business at 5F, 88 Jhou Zih St., Neihu District, Taipei, Taiwan, 114. *Barron v. Miami Executive Towers Assoc. Ltd Partnership*, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) ("Although strict conformity with Rule 4's provisions is not required in every instance . . . actual receipt of both the summons and the complaint is a base requirement.") (internal citation omitted). Moreover, it was clear that Plaintiffs were suing Procare International Co. and not Procare International, Inc. as indicated by the amended complaint that was served with the summons. Finally, the words "Procare International" were clearly listed on both the summons and the amended complaint. Thus, the Court finds that the summons served on Defendant was in substantial compliance with Rule 4 and the mistake in name did not mislead or cause any prejudice to PROCARE. *Grandey v. Pacific Indem. Co.*, 217 F.2d 27, 28 (5th Cir. Tex. 1954) (holding that a misnomer of defendant could be corrected by amendment even after the limitation period had expired since defendant was not misled by the error).

Accordingly, the Court concludes that Defendant was served with the summons and complaint on October 13, 2008. The Court further amends the initial summons under Rule 4(a) so that the service on "Procare International, Inc." was also service on "Procare International Co." *Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) ("Harmless errors that otherwise give a defendant proper notice, such as misspelling the defendant's name or referring the defendant to the complaint for the proper caption, are clearly amendable *nunc pro tunc* under [Rule 4(a)(2)].") (citations omitted). THEREFORE, on request of counsel, the default of Defendant Procare International Co. is hereby entered.

IT IS SO ORDERED.

SIGNED this 28th day of February, 2011.

                                    _____
                                    T. JOHN WARD
                                    UNITED STATES DISTRICT JUDGE