UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AERIELLE TECHNOLOGIES, INC. and AERIELLE, INC. *Plaintiffs,* | § § § § | |
| v. | § § | CASE NO. 2:08-cv-284-TJW |
| PROCARE INTERNATIONAL CO. *Defendant.* | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Aerielle Technologies, Inc.'s, and Aerielle, Inc.'s (collectively "Aerielle") Motion for Permanent Injunction (Dkt. No. 22) and Amended Motion for Permanent Injunction (Dkt. No. 25). The Court held an evidentiary hearing on the issue of a permanent injunction on February 17, 2011. Defendant Procare International Co. ("Procare") did not file an opposition to the Motion and was not represented by counsel at the hearing. The Court has carefully considered the submissions, the record, and the applicable law. For the following reasons, Aerielle's motion for a permanent injunction is GRANTED.

### I.     BACKGROUND

Aerielle is a consumer electronics designer whose products include wireless accessories for portable mobile audio devices such as I-Pod, MP3/4 players. Aerielle also provides audio broadcasting solutions like its patented RF transmitters. Defendant Procare International Co. ("Procare") is a Taiwanese company with its principal place of business in Taipei, Taiwan. According to its website, Procare is an Original Equipment Manufacturer ("OEM") and Original Design Manufacturer ("ODM") for other companies. (Dkt. No. 25-3.) An OEM typically manufactures a product for another company to sell under that other company's label. An ODM

1

typically designs and manufactures a product for another company to sell under that other company's label. Specific to this case, Procare is a manufacturer of wireless RF transmitters that that are sold by other companies. (Dkt. No. 25-5 at 3-4, Table 1.) This arrangement allows U.S. retailers to offshore their design and manufacturing operations, usually in an effort to save on the costs of these operations.

Aerielle filed suit against Procare on July 22, 2008, alleging that Procare infringes Patent Nos. 6,671,494 ("the '494 patent") and 5,771,441 ("the '441 patent"). On October 13, 2008, Procare was served with summons and a copy of Plaintiff's First Amended Original Complaint pursuant to the Court's Order authorizing alternative service under Federal Rule of Civil Procedure 4(F)(3). Despite being served with process, Procare never appeared and the Court entered a default against Procare on August 24, 2009. Aerielle contends that because Procare has failed to appear in this action, it has been forced to proceed solely on the basis of third-party discovery to determine the scope and extent of Procare's infringement of Aerielle's patents.

## II.  LEGAL STANDARD

The Patent Act provides that courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. By refusing to appear in this action and through its default, Procare's liability for infringement of the '494 patent and the '441 patent is established. However, Aerielle still must demonstrate "whether any particular remedy is appropriate." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, (7th Cir. 2007). Accordingly, Aerielle must demonstrate that injunctive relief is appropriate. A permanent injunction is appropriate when a four-part test is satisfied:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that

2

remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Id.*

Plaintiff contends that Procare is the manufacturer of at least five different models of RF transmitter that are sold by various vendors under as many as nine different brands as set forth in the following table ("Table 1").

| Vendor | Model No | FCC ID |
|---|---|---|
| Brookstone | | POSEF-6208 |
| CompUSA | SKU 313467 | POSEF-6208 |
| Digiana Audiax | DGT-301 | POSPC-7207 |
| Dynex | DX-AC101 | POSEF-6208 |
| Dynex | DX-MP3FM | POSEF-6125 |
| iLuv | I701 | POSEF-6212 |
| Jensen | JP4211 | POSEF-6210 |
| Phillips | MP3Gear G2G301 | POSEF-6208 |
| Procare | | POSEF-6208 |
| RCA | 1622PC | POSPC-72 |

As described in the declaration of Aerielle's expert Dr. Robert T. Short, the FCC ID number of the devices listed above identifies Procare as the manufacturer of these devices. In particular, the first three letters of the FCC ID—"POS"—are the grantee code that the FCC has assigned to Procare. (Dkt. No. 25-5.)

Dr. Short submitted a declaration representing that he has reviewed the '494 and '441 patents, that he has reverse-engineered the Procare products listed in the table above, and that he has compared the Procare products listed in the table to the claims of the '494 and '441 patents on an element-by-element basis. *Id.* Dr. Short has concluded that each Procare device listed in the table practices every limitation of at least claims 11, 17, and 22 of the '494 patent and claim

3

13 of the '441 patent, and that each of the devices listed in the table infringes each of these claims. *Id.*

### III. DISCUSSION

#### A. Permanent Injunction

Bearing the *eBay* factors in mind, the Court now turns to the facts of this case to assess the propriety of permanent injunctive relief. Aerielle contends that all four of the *eBay* factors point in favor of granting an injunction.

##### 1. Irreparable Injury

Aerielle argues that it has and continues to suffer irreparable harm because Defendant is a direct competitor in the market for wireless RF transmitters. Aerielle suggests that irreparable harm almost always occurs when the parties are direct competitors because the harm to the patentee encompasses more than just the sales lost. *See Acumed LLC v. Stryker Corp.,* 551 F.3d 1323, 1328-29 (Fed. Cir. 2008); *Brooktrout, Inc. v. Eicon Networks Corp.*, 2007 WL 1730112, *1 (E.D. Tex. Jun. 14, 2007) ("Brooktrout has demonstrated irreparable injury. The parties to this case are competitors in the fax server board market, and this fact weighs heavily in the court's analysis. As this court has previously suggested, intellectual property is quite valuable when it is asserted against a competitor in the plaintiff's market."), *appeal dismissed*, 253 F. App'x 25 (Fed. Cir. 2007).

Specifically, Aerielle is a provider of wireless RF transmitters that are currently sold through Amazon.com and other online retailers. Aerielle's wireless RF transmitters implement Aerielle's patented technology, and Aerielle marks its RF transmitters with the '494 patent number in compliance with 35 U.S.C. § 284. From the period of July 2007 to September 2007, Aerielle's FM transmitters were sold by Best Buy under its house brand Dynex. (Dkt. No. 25-1) Aerielle's Universal FM Transmitter, FCC ID RKVATBPAC5V35OU, was sold as the Dynex

product DX-FMDC1. Aerielle's RDS FM Transmitter for iPod, FCC ID RKVATBPAC5V45O, was sold as the Dynex product DX-FMRDS. (Dkt. No. 25-1.) During the hearing, Aerielle's counsel represented to the Court that Best Buy stopped purchasing Aerielle's RF transmitters for sale under the Dynex brand in or around September 2007 because of competing sales by Procare.

Procare also manufactures and sells wireless RF transmitters covered by the '441 and '494 patents, indicating that Procare competes with Aerielle in the same markets. For example, Procare manufactures the Dynex models DX-AC101 and DX-MP3FM. (Dkt. No. 25-5.) These Dynex models have also been sold by Best Buy at least until January of 2009. In sum, Aerielle concludes that Defendants' infringement thwarted its strategy to grow its wireless RF transmitter technology business, which is precisely the type of irreparable harm that justifies a permanent injunction. Based on the evidence presented, the Court agrees that Aerielle will suffer irreparable injury absent an injunction.

### 2.Inadequate Remedies at Law

Aerielle next contends that there is no way to know the full extent of Procare's infringement without the ability to take discovery. It notes that even though an FCC ID can be used to identify the manufacturer of a known device, the FCC ID provides little to no help with identifying all of the brands under which that device is sold. That is, even though each FCC ID is unique to one manufactured product, that one product can be sold be different companies under different brand names. For example, as shown in Table 1, Procare's device bearing the FCC ID POSEF-6208 has sold under as many as five different brands by at least five different vendors. Thus, Aerielle argues that its inability to identify all instances of Procare's infringement makes unknowable and unquantifiable the true amount of damage that Aerielle has sustained from Procare's continued infringement. This uncertainty, Aerielle argues, weighs in favor of an injunction. *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-cv-333, 2006 WL

3741891, at *4 (E.D. Tex. 2006) ("What makes legal remedies inadequate under the circumstances of this case is the inability to calculate the plaintiff's future losses with precision.").

Aerielle also argues that it will likely have to go overseas to enforce a monetary judgment of the Court, and even then there is a high risk that such efforts will be unsuccessful. It suggests that the likelihood that foreign defendant, especially one that has refused to appear and defaulted, will evade payment of a money judgment favors an injunction. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-32, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), *vacated and remanded on other grounds by* 512 F.3d 1351 (Fed. Cir. 2008); *Retractable Techs. V. Occupational & Med. Innovations, Ltd.*, No. 6:08-cv-120, 2010 WL 3199624, at *5 (E.D. Tex. Aug. 11, 2010) (concluding that plaintiff's likely inability to recover from defendant due to bankruptcy favored injunction). Moreover, Aerielle argues that Procare's default indicates that it poses a threat of continued infringement, a fact which demonstrates the inadequacy of legal remedies. *Visto*, 2006 WL 3741891, at *4. The Court agrees that the threat of future infringement exists and an injunction against future acts of infringement is the proper remedy to prevent future infringement.

### 3.Balance of Hardships

"[T]he 'balance of hardships' assesses the relative effect of granting or denying an injunction on the parties." *i4i Ltd. P'ship v. Microsoft Corp.,* 598 F.3d 831, 862 (Fed. Cir. 2010). Aerielle's counsel contends that Aerielle's patented RF transmitters compose one of its two general product lines. (Dkt. No 25 at 8.) The motion further argues that in the absence of an injunction, especially in view of Procare's default, Aerielle will lose "the very right to exclude that is the essence of the intellectual property at issue." *Visto*, 2006 WL 3741891, at *4. Based

on the evidence presented, the Court finds that the balance of hardships favors Aerielle in this case.

### 4. Public Interest

Aerielle argues that the public interest in a strong patent system is particularly served by an injunction in this case where a foreign defendant has refused to appear and have its actions adjudicated under U.S. patent laws. As the United States Supreme Court has explained, patent laws promote progress "by offering a right of exclusion for a limited period as an incentive to inventors to risk the often enormous costs in terms of time, research, and development." *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 480 (1974). The Federal Circuit has similarly expressed the significant public interest in protecting the exclusionary rights conveyed in valid patents. *Abbott Laboratories v. Sandoz, Inc.*, 544 F.3d 1341, 1362-63 (Fed. Cir. 2008); *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006). As the *Tivo* court previously pointed out, "[t]he public has an interest in maintaining a strong patent system." *Tivo Inc. v. Echostar Communications Corp.*, 446 F. Supp. 2d 664, 670 (E.D. Tex. 2006). The Court finds that an injunction against Procare would serve the public interest in maintaining a strong patent system. Accordingly, after considering the traditional equitable factors, the Court concludes that a permanent injunction is proper in this case.

Thus, the Court GRANTS Aerielle's request for a permanent injunction.

SIGNED this 1st day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE